IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-16-PLR-HBG |
| | ) | |
| BOYD WAYNE McCLURE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation, as may be appropriate. The parties appeared before the undersigned on April 2, 2019, for a pretrial conference and motion hearing on the Defendant's Motion to Continue [Doc. 12], filed on March 11, 2019. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorneys Douglas A. Trant and Julia Anna Trant represented Defendant McClure, who was also present.

In the motion, the Defendant asks to continue the April 16, 2019 trial date and other associated deadlines in this case, in order to give newly retained counsel adequate time to prepare. The motion states that the Defendant waives his speedy trial rights and asserts that the ends of justice will be served by granting the motion.

At the motion hearing, the Defendant agreed that he understood that he parties are before the Court on his motion to continue the trial. Mr. Trant stated that he and Ms. Trant were recently retained to represent the Defendant. He said they had received discovery, which is voluminous,

from former counsel, but have not reviewed it yet. Mr. Trant confirmed that the Defendant is waiving his speedy trial rights with regard to the instant motion.

AUSA Davidson stated that the Government does not oppose the motion to continue. She said that it is well-taken and does not raise any speedy trial concerns, in light of the fact that the Defendant recently retained counsel. The parties agreed on a new trial date of October 15, 2019.

The Court finds the Defendant's motion to continue the trial and other deadlines is not opposed by the Government and is well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). At the initial appearance and arraignment on February 8, 2019, the undersigned appointed [Doc. 5] the Federal Defender Services of Eastern Tennessee to represent Defendant McClure. The Court substituted [Doc. 13] the Trants as the Defendants' attorneys of record in this case on March 14, 2019. New defense counsel represent that they need time to review discovery and to prepare the case for trial. Additionally, Mr. Trant requested a new motion deadline. The Court finds that new counsel need time to review discovery, consult with the Defendant, prepare and litigate pretrial motions, interview witnesses, and prepare for trial. The Court finds that all of this cannot take place in the two weeks before the April 16 trial date or in less than six and one-half months. Thus, the Court finds that without a continuance, new counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant McClure's Motion to Continue [**Doc. 12**] is **GRANTED**, and the trial is reset to **October 15, 2019**. The Court finds that all the time between the filing of the motion on March 11, 2019, and the new trial date of October 15, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).

With regard to additional scheduling in this case, the deadline for filing pretrial motions is reset to **May 3, 2019**. Responses to motions are due on or before **May 17, 2019**. If the parties file any pretrial motions requiring a hearing, the Court will schedule a motion hearing in late May or early June. The parties are to appear before the undersigned for a final pretrial conference on **September 30, 2019, at 11:00 a.m.** The deadline for concluding plea negotiations, for providing reciprocal discovery, and for filing motions *in limine* is also **September 30, 2019**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **October 4, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) Defendant McClure's Motion to Continue [**Doc. 12**] is **GRANTED;**

(2) The trial of this matter is reset to commence on **October 15, 2019**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion on **March 11, 2019**, and the new trial date of **October 15, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **May 3, 2019**. Responses to motions are due on or before **May 17, 2019**;

(5) The deadline for concluding plea negotiations, providing reciprocal discovery, and filing motions *in limine* is extended to **September 30, 2019**;

(6) The final pretrial conference will take place before the undersigned on **September 30, 2019, at 11:00 a.m.**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **October 4, 2019**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge